INMATES OF the ALLEGHENY COUN-
TY JAIL, Thomas Price Bey, Arthur
Goslee, Robert Maloney, and Calvin
Milligan, on their own behalf and on
behalf of all others similarly situated,
Appellees,

v.

Cyril H. WECHT, President of the Alle-
gheny County Board of Prison Inspec-
tors, and other members of the Board;
Thomas Foerster and William H. Hunt,
Commissioners for Allegheny County;
William H.J. Lucchino, Controller for
Allegheny County; The Honorable Pat-
rick R. Tamilia, Michael J. O'Malley,
and Marion K. Finkelhor, Judges,
Court of Common Pleas of Allegheny
County; Richard S. Caliguiri, Mayor of
the City of Pittsburgh; Harriet McCray;
Msgr. Charles Owen Rice, and Charles
Kozakiewicz, Warden of the Allegheny
County Jail; William B. Robinson, Ex-
ecutive Director of Prison Inspectors;

and Cyril Wecht, Thomas Foerster and
William H. Hunt, as Commissioners of
Allegheny County, Appellants,

v.

The COMMONWEALTH OF PENNSYL-
VANIA; The Commonwealth of Penn-
sylvania, Department of Corrections;
David S. Owens, Jr., Commissioner, De-
partment of Corrections, and Erskind
Deramus, Deputy Commissioner, De-
partment of Corrections, Appellees.

Nos. 88–3820, 88–3871.

United States Court of Appeals,
Third Circuit.

Originally Argued April 3, 1989.

Submitted On Remand From The Supreme
Court December 15, 1989.

Decided Jan. 8, 1990.

James J. Dodaro, County Sol., George C. Diamantopulos, Asst. County Sol., Allegheny County Law Dept., Pittsburgh, Pa., for Cyril H. Wecht, et al.

Donald Driscoll, Neighborhood Legal Services Ass'n, Pittsburgh, Pa., for Inmates of Allegheny County, et al.

Ernest D. Preate, Jr., Atty. Gen., Thomas F. Halloran, Sr. Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Chief, Litigation Section, Calvin R. Koons, Deputy Atty. Gen., Office of Attorney General, Pittsburgh, Pa., for Com. of Pa., et al.

Before GIBBONS, Chief Judge, and BECKER and NYGAARD, Circuit Judges.

### OPINION OF THE COURT

GIBBONS, Chief Judge:

This case is before us on remand from the United States Supreme Court, —— U.S. ——, 110 S.Ct. 355, 107 L.Ed.2d 343. When it was previously here we affirmed the district court order directing the defendants to close the Allegheny County Jail, but dismissed as interlocutory the appeal

from a provision in the district court order dealing with the preparation of a plan to house inmates elsewhere. On November 6, 1989, the Supreme Court granted certiorari, vacated our judgment, and remanded for further consideration in light of *University of Texas v. Camenisch,* 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). On receipt of the Supreme Court's judgment, we requested the parties to advise what the proper decision should be.

We are now advised that on July 7, after our judgment but before the Supreme court granted certiorari, the parties entered into a stipulation under which Allegheny County is relieved of the obligation to build a new jail if it significantly improves the old one. That stipulation was entered by the district court as an order. Thus, it appears that the stipulation renders moot the parties' dispute over the power of the district court to order the closing of the old jail, since it effectively supersedes the order which we affirmed.

It is, therefore, ordered that the case shall be remanded to the district court with a direction that so much of the order appealed from which ordered the closing of the Allegheny County Jail will be vacated on the ground that the July 7, 1989 stipulation has rendered that part of the order moot.